UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LEODIAS EDWARDS,<br><br>                Plaintiff<br>v.<br><br>JAMES DZURENDA, *et al.*,<br><br>                Defendants | Case No. 3:18-cv-00119-MMD-CBC<br><br>ORDER |

## I. DISCUSSION

On April 17, 2019, this Court issued a screening order dismissing the entire Complaint without prejudice but without leave to amend because Plaintiff's claim for monetary damages was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and Plaintiff's claim for injunctive relief to be released on parole was a habeas claim that could not be raised in a § 1983 action. (ECF No. 5 at 5, 8.) The Clerk of the Court entered judgment the same day. (ECF No. 7.)

On April 26, 2019, Plaintiff, with the help of another inmate, filed a motion to vacate judgment pursuant to Federal Rules of Civil Procedures 59(e) and 60(b)(1) and a motion for leave to amend civil rights complaint. (ECF Nos. 8, 9.) Plaintiff attached the proposed first amended complaint to the motion. (ECF No. 9-1).

Upon motion by a party within twenty-eight days of the entry of judgment, the Court may alter or amend its findings under Federal Rule of Civil Procedure 59(e). Fed. R. Civ. P. 59(e). A party can also seek reconsideration under Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 60(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist.*

*No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). District courts have discretion regarding whether to grant a motion to amend under Rule 59(e) or 60(b). *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014).

In the motion to vacate judgment, Plaintiff argues that he erred in his original complaint because he should not have requested parole. (ECF No. 8 at 2.) Plaintiff asserts that in his proposed amended complaint, he has deleted parole from his request for relief and anything that could be a claim for parole and now only requests monetary damages. (*Id.* at 3–4.) The proposed amended complaint now seeks monetary damages for Fourteenth Amendment violations because prison officials miscalculated Plaintiff's good time credits which affected his parole eligibility date. (*See* ECF No. 9-1.)

The Court denies Plaintiff's motion to vacate judgment (ECF No. 8) and Plaintiff's motion for leave to amend his civil rights complaint (ECF No. 9). First, Plaintiff has not argued that the Court committed clear error or that the initial order was manifestly unjust. Instead, Plaintiff seeks to change all his legal arguments in the amended complaint in an attempt to state a claim. The Court notes that Plaintiff could have raised these arguments in the original complaint. As such, the Court denies the motions to vacate judgment and amend complaint.

Second, the Court notes that, even if it had granted the motions to vacate judgment and to amend complaint, Plaintiff's amended complaint fails to state a colorable claim. In the amended complaint, Plaintiff alleges a Fourteenth Amendment due process claim based on prison officials miscalculating his good time credits. Because Plaintiff's amended complaint revolves around his parole eligibility date and not his underlying conviction or overall sentence, he would be able to proceed with a 42 U.S.C. § 1983 action. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (holding that if a civil claim merely would speed up the plaintiff's consideration for parole and would not necessarily imply the

invalidity of the duration of confinement, then that claim may proceed in a § 1983 action). However, Plaintiff cannot allege a due process violation.

In order to state a Fourteenth Amendment due process claim, a plaintiff must adequately allege that he was denied a specified liberty interest and that he was deprived of that liberty interest without the constitutionally required procedures. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). In Nevada, state prisoners do not have a liberty interest in parole or parole eligibility. *See Moor v. Palmer*, 603 F.3d 658, 661–62 (9th Cir. 2010); *Fernandez v. Nevada*, No. 3:06-CV-00628-LRH-RAM, 2009 WL 700662, at *10 (D. Nev. Mar. 13, 2009). Additionally, allegations that a defendant violated state law are insufficient to state a claim for violation of the Fourteenth Amendment's due process clause. *Swarthout*, 562 U.S. at 222 (holding that "a 'mere error of state law' is not a denial of due process"); *see also Young v. Williams*, No. 2:11-CV-01532-KJD, 2012 WL 1984968, at *3 (D. Nev. June 4, 2012) (holding that alleged error in applying good time credits to sentence was an error of state law that did not constitute a due process violation).

As such, Plaintiff cannot state a Fourteenth Amendment due process claim based on prison officials' miscalculation of his good time credits because that is an error of state law and Plaintiff does not have a liberty interest in his parole eligibility date.[1]

**II. CONCLUSION**

For the foregoing reasons, it is ordered that the motion to vacate judgment (ECF No. 8) is denied.

It is further ordered that the motion for leave to amend (ECF No. 9) is denied.

DATED THIS 10th day of June 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] The Court directs Plaintiff to review NRS § 34.724(2)(c) which discusses the filing of a state court postconviction petition for writ of habeas corpus when it is "the only remedy available to an incarcerated person to challenge the computation of time that the person has served pursuant to a judgment of conviction."